# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**RECIEVED**
UNION CORRECTIONAL INSTITUTION
JUN 1 6 2020
BY:
FOR MAILING

## 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
## WITH DEMAND FOR JURY TRIAL

**JAMES HERNDON,**
    **Plaintiff**
**vs.**

CASE NO.: 3:20-cv-616-J-32MCR

**CORIZON OF FLORIDA, LLC.**
**Contracted Medical Provider**
**Official & Individual capacity**
    **Defendant #1**

**CENTURION OF FLORIDA, LLC**
**Contracted Medical Provider**
**Official & Individual capacity**
    **Defendant #2**

**MARK S. INCH,** **Current Secretary,**
**Department of Corrections**
*Official & Individual capacity*
    *Defendant #3*

**JULIE JONES,** **Former Secretary,**
**Department of Corrections**
*Official & Individual capacity*
    **Defendant #4**

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT
2020 JUN 17 PM 12:55
FILED

## PLAINTIFFS

| | |
|---|---|
| **Name of Plaintiff:** | **James Herndon** |
| **Inmate Number:** | **187913** |
| **Prison or Jail:** | **Union Correctional Institution** |
| **Mailing Address:** | **P.O. Box 1000** |
| | **Raiford, Florida 32083** |

Mr. Herndon is and was at all times relevant a prisoner in the custody of the Florida Department of Correction . Mr. Herndon is currently incarcerated at Union Correctional Institution. And was under the medical care of Corizon and is now under the medical care of Centurion of Florida by contractual agreement with the Department of Correction.

## DEFENDANTS

| | |
|---|---|
| **Defendant's Name:** | **CORIZON HEALTH, Inc.** |
| **Official Position:** | **Former Contract Medical Provider For The FDC** |
| **Employed At:** | **Corizon Health, Inc.** |
| **Mailing Address:** | **12647 Olive Blvd.** |
| | **St. Louis, Mis. 63141** |

### Official & Individual capacity

Corizon is the past contractor to provide medical treatment for the inmates in the Department of Correction. They had the contract before Centurion and refused to treat the Plaintiff with DAA's because it cost to much.

| | |
|---|---|
| **Defendant's Name:** | **CENTURION Of FLORIDA, LLC.** |
| **Official Position:** | **Current Contract Medical Provider For The FDC** |
| **Employed At:** | **Centurion Of Florida, LLC.** |
| **Mailing Address:** | **Paddock Park Prof. Bldg.** |
| | **3200 S.W. 34th Ave. Bldg. 700, Suite 701** |
| | **Ocala, Fla. 34474** |

### Official & Individual Capacity

Centurion of Florida has the contract to provide medical treatment for the inmates in the Department of Correction. They took over the contract from Corizon.

| | |
|---|---|
| **Defendant's Name:** | **MARK INCH,** |
| **Official Possition:** | **Secretary** |
| **Employed At:** | **Department of Corrections** |
| **Mailing Address:** | **501 S. Calhoun Street** |
| | **Tallahassee, Fla. 32399-2500** |

### Official/Individual Capacity

Mr. Inch is the current Secretary of the Department of Correction . He was appointed in January 2019, replacing former Secretary Julie Jones. As Secretary of Department of Correction, Defendant is responsible for the overall operation of the Department of Correction, including the operations of Florida's prison system in compliance with the Constitution. Defendant has a non-delegable duty to provide constitionally adequate medical care to all persons in his custody. As Secretary of the Department of Correction any actions of Department of Correction, its agents, or employees is imputed on Defendant. This Defendant has statutory authority to implement the relief sought in this complaint. The actions of Defendant and his employees and agents were performing under color of state law and constitute state action.

| | |
|---|---|
| **Defendant's Name:** | **JULIE JONES,** |
| **Official Possition:** | **Former Secretary** |
| **Employed At:** | **Department of Corrections** |
| **Mailing Address:** | **501 S. Calhoun Street** |
| | **Tallahassee, Fla. 32399-2500** |

### Official & Individual Capacity

Ms. Jones is the past Secretary of the Department of Correction .She was replaced by Defendant Mark Inch in January 2019. As such the Defendant was responsible for the overall operation of the Department of Correction, including the operations of Florida's prison system in compliance with the Constitution. Defendant has a non-delegable duty to provide constitionally adequate medical care to all persons in his custody. As Secretary of the Department of Correction any actions of Department of Correction, its agents, or employees is imputed on Defendant. This Defendant had statutory authority to implement the relief sought in this complaint. The actions of Defendant and her employees and agents were performing under color of state law and constitute state action.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding condition or events in any prison, jail, or detention center. 42 U.S.C.§1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A.**    The complaint does concern events occurring within the Florida

Department of Corrections.

A Informal grievance was filed and is attached as **Not Applicable**.

A Formal Grievance was filed and is attached as **Exhibit "A"**.

A Formal Grievance Appeal was filed and is attached as **Exhibit "B"**.

There was no disciplinary action involved.

**B.**    This complaint does not involve a county jail.

## IV.    PREVIOUS LAWSUITS

NOTE FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

**A.** Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? **NO**.

**B.** Have you initiated other actions in federal court dealing with the same or *similar* facts/issues involved in this action? **NO**.

**C.** Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it

involved excessive force or some other wrong)? **NO**.

D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each   and every case   so dismissed: **NO**.

## **STATEMENT OF FACTS**

(1)   Plaintiff is currently **62 years old** and currently incarcerated at Union Correctional Institution and at all times relevant hereto was under the care, custody and control of the State of Florida, Department of Corrections & Centurion of Florida.

(2)   Mr. Herndon HCV infection was detected through blood work and an ultrasound of his liver.

(3)   Hepatitis C virus ("HCV") is a blood borne disease that causes hepatitis C.

(4)   Liver inflammation caused by chronic HCV will significantly impair liver function and damage its crucial role in digesting nutrients, filtering toxins from the blood, fighting infection, and conducting other metabolic processes in the body.

(5)   People with chronic HCV develop fibrosis of the liver, a process by which healthy liver tissue is replaced with scarring. Scar tissue cannot perform the job of normal liver cells, so fibrosis reduces liver function and results in the same symptoms mentioned in the following paragraph, but with greater intensity.

Fibrosis can also lead to hepatocellular carcinoma (liver cancer).

(6)   When scar tissue takes over most of the liver, this extensive fibrosis is termed cirrhosis. Cirrhosis causes additional painful complications in which the Plaintiff constantly suffers with **Fatigue, mild depression, joint pains, nausea, chills, fever, brain fog, swelling & pain in liver region, irrittable bowel movement, sleep disorder, itchy skin, rashs, shortness of breath, hiccups, and swelling in legs and ankles.**

(7)   Hepatitis C is a leading cause of liver-related mortality. Chronic HCV infection is an objectively serious medical need

(8)   I*n late 2013, a new break through drug was approved by the F.D.A. and released to the market, Direct-acting anti-virals, known as (DAA's)*. This not only became the new standard of care for (HCV) patients, ***it was the cure***! Its success rate was 95% to 97% effective with very little side-affects.

(9)   The benefits of immediate treatment include immediate decrease in liver inflamation, reduction in the rate of progression of liver fibrosis, reduction in the likelihood of the manifestation of cirrhosis and associated complications, a 90% reduction in the risk of liver related mortality, and a dramatic improvement in quality of life.

(10)  Treatment must be provided timely to ensure efficacy. Any unnecessary delay in treatment increases the risk that treatment will be ineffective

and cause unnecessary damage to the liver.

(11) By mid-2016 the Department of Correction revised its policies to acknowledge that prescribing DAA's to treat chronic HCV infection was the standard of care.

(12) In spite of its own guidelines and despite the clear agreement in the medical community that all persons with chronic HCV should be treated with DAA drugs, the Defendants knowingly & intentionally delayed these lifesaving medications to Plaintiff simply because it cost to much. This policy, custom, and practice contravenes the prevailing standard of care and clearly reflects deliberate indifference to the Plaintiff's serious medical needs.

(13) In November of 2017, a Federal hearing was being conducted on a preliminary injunction in a class-action case of all HCV inmates with HCV, concerns.

(14) The Defendants were refusing to comply to there own policies and treatment of such, which the Court did grant and ordered the treatment of hundreds and eventually thousands of HCV inmate within FDC. See Hoffer v. Jones, 290 F. Supp. 3rd 1292 (N.D. Fla. 2017)(citation omitted).

(15) In Hoffer, at 1296, the Court stated that the "present-day standard of care" is to treat chronic-HCV patients with DAA's. The Court went so far as to explicitly condemn treating only patients with advanced liver damage.

(16) Despite this public admonishment, the Defendants, their agents and their employees have refused to provide life-saving treatment in a timely manner to the Plaintiff. This conduct is particularly egregious given the availability of medications that will cure all hepatitis C patients *with little or no side effects*. Defendants actions amount to deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

(17) The Plaintiff has reached an advanced state of cirrhosis due to the Defendants willful and intentional failure to provide adequate medical treatment in a timely manner simply because it cost to much.

(18) Plaintiff asked Defendant physicians regarding the benefits of DAA's and requested treatment. The Plaintiff was informed by employees and agents of Defendants that he did not need treatment and by others stating that the medical administration would not authorize treatment because of cost. In fact, the Defendants did not even tell the Plaintiff that DAA's was available until after the Hoffer, Infr, decision.

(19) Based on information & belief, sometime in 2016 & 2017, Doctor Reimers prepared a legislative budget request for the 2017-18 fiscal year for **$29, 171,750** to purchase (DAA's) to treat approximately 500 inmates, however, it was denied by Defendant Jones and several other unknown staff members within the FDC.

(20)  By Mid-2016, FDC had updated its (HCV)-treatment policy to acknowledge that prescribing DAA's was the standard of care. *It had been the standard since 2014*, but the Defendants still refused to treat the Plaintiff in a timely manner because of their custom & policy of not treating inmates because of cost.

(21)  Plaintiff's medical file is replete with evidence of escalation of Hep "C" and undeniable liver damage. The Defendants Policy, Practice & custom of ignoring and concealing the Plaintiffs medical condition from the Plaintiff in order to cover up the need for treatment with DAA's caused damage to the Plaintiff's liver that cannot be fixed.

(22)  The Defendants knew their policy & customs defied duty owed Plaintiff. These Defendants knew Plaintiff would not be treated because of the cost because it is cheaper to pay a wrongful death claim then it is to pay for the treatment for HEP-C.

(23)  Nonetheless, at the time of the June 2014, FBOP-CDC guideline treatment change, these Defendants acting under color of state law, had in effect an agreement that infected Plaintiff would not be informed of the existence of DAAs, and Plaintiff would not be treated.

(24)  The Defendants are directly responsible for this conduct as health care providers. Each Defendant knew the gravity of the policy/procedure and custom of

non-treatment, yet chose not to inform Plaintiff of availability of care and not to provide Plaintiff treatment. The Defendants did not inform the Plaintiff until after they were ordered to provide the necessary treatement in <u>Hoffer</u>. id..

(25) Plaintiff requested treatment from Defendants. Plaintiff was not provided the Cure for HEP-C by Defendant Centurion until well after the decision in the <u>Hoffer</u> injunction, due to policy, practice & custom agreed to by all of the Defendants not to provide DAA's due to cost. Defendants knew that the FBOP--CDC guideline change of 2014-2016, mandated that Plaintiff receive proper evaluation and DAA's to cure Hep-C.

(26) Plaintiff pleads that his physical condition in total constitutes a serious medical need and his delayed treatment grossly violated societal standards. Intentional neglect and intentional delay by Defendants of Plaintiff serious medical need demonstrates cruel and unusual punishment. Because of Defendants deliberate indifference, a delay in treating because it cost to much allowed the disease to progress to severe cirrhosis—Plaintiff now runs a lifetime risk of two–five times greater risk of developing liver cancer. Plaintiff's pain and suffering is on going.

(27) Due to the policies, procedures & customs, of the defendants not treating my Hep-C with DAA's because of cost, the Plaintiff cannot participate in major life activities such as sports, long distance walking, running or social

programs because he is in to much pain and that he is to tired because of the severe condition of his liver.

(28) Due to Plaintiff's condition, he can no longer enjoy the programs such as yard activities, church services and walking like he use to.

(29) The Defendants KNEW that the Plaintiff had HEP-C since 1990 which was well before the year 2013 and that they knew that the old treatment plan did not work on the Plaintiff.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

## COUNT ONE:
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

(30) Defendants as stated in paragraphs 1 through 29, violated the Plaintiff's 8th & 14th Amendment rights to be free from cruel and unusaul punishment by being deliberate indifferent to his serious medical needs. The Defendants intentionally delayed treatment for the Plaintiff's HEP-C causing irreversible liver damage—simply because of the cost of treatment.   The Defendants willfully and intentionally refused to give the Plaintiff DAA's to treat his Hep-C until well after the class action lawsuit was settled in Hoffer v. Jones, Case No. 4:17-CV-214-MW/CAS. If it was not for the lawsuit, the Defendants

- Page 11 of 14 -

would have let the Plaintiff die because it is cheaper in the long run.

## COUNT TWO:
## AMERICANS WITH DISABILITIES ACT 42 U.S.C. §12101(b)(1)

(31) Defendants as stated in paragraphs 1 through 29, violated the Plaintiff's 8th & 14th Amendment rights to be free from cruel and unusaul punishment by being deliberate indifferent to his serious medical needs. The Defendants kowingly & intentionally delayed treatment for the Plaintiff's HEP-C causing irreversible liver damage—simply because of the cost of treatment. This was contrary to the Plaintiff's rights under the Americans with Disabilities Act.

(32)  The Defendants willfully and intentionally refused to give the Plaintiff DAA's to treat his Hep-C until well after the class action lawsuit was settled in Hoffer v. Jones, Case No. 4:17-CV-214-MW/CAS. If it was not for the lawsuit, the Defendants would have let the Plaintiff die because it is cheaper in the long run.

## COUNT THREE
## REHABILITATION ACT OF 1973 SECTION 504

(33) Defendants as stated in paragraphs 1 through 29, violated the Plaintiff's 8th & 14th Amendment rights to be free from cruel and unusaul punishment by being deliberate indifferent to his serious medical needs. The Defendants kowingly & intentionally delayed treatment for the Plaintiff's HEP-C causing irreversible liver damage—simply because of the cost of treatment. This was contrary to the Plaintiff's rights under the Rehabilitation Act Of 1973.

- Page 12 of 14 -

(34)  The Defendants willfully and intentionally refused to give the Plaintiff DAA's to treat his Hep-C until well after the class action lawsuit was settled in Hoffer v. Jones, Case No. 4:17-CV-214-MW/CAS. If it was not for the lawsuit, the Defendants would have let the Plaintiff die because it is cheaper in the long run.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite cases/statutes.

(35)  A judgment declaring that the Defendants has exhibited deliberate indifference to the serious medical needs of the Plaintiff and has violated the Plaintiff's right to be free from Cruel and Unusual Punishment, as secured by the Eighth Amendment of the U. S. Constitution.

(36)  A judgment declaring that the Defendants has exhibited deliberate indifference to the serious medical needs of the Plaintiff and has violated the Plaintiff's rights under the Americans with Disabilities Act and 14th Amendment.

(37)  A judgment declaring that the Defendants has exhibited deliberate indifference to the serious medical needs of the Plaintiff and has violated the Plaintiff's rights under the Rehabilitation Act and 14th Amendment.

## COMPENSATORY DAMAGES

(38)  Plaintiff seeks compensatory damages in the amount of 50,000 dollars from each Defendant jointly & severelly for great physical pain, suffering and discomfort and for mental pain & anguish.

## PUNITIVE DAMAGES

(39)  Plaintiff seeks punitive damages in the amount of $100,000 from all

Defendants jointly & severelly for intentionally inflicting great physical pain, suffering and discomfort and for mental pain & anguish.

## COST OF LITIGATION

(40) Plaintiff seeks attorneys fees, costs, and litigation expenses.

## OATH

(41) I declare under penalty of perjury that I have read the above and have and that the foregoing statements of fact, including any continuation pages, are true and correct. Dated this **16** day of **June , 2020**


/s/ *James W. Herndon*
James Herndon #187913

## CERTIFICATE OF SERVICE

I certify that this document was turned over to prison officials to be mailed by first class U.S. Mail to the below address on this **16** day of **June, 2020**.

Clerk of Courthouse
U.S. Middle District
300 North Hogan Street
Jacksonville, Florida 32202

[ORIGINAL]


/s/ *James W. Herndon*
James Herndon #187913
Union Correctional Institution
P. O. Box 1000
Raiford, Fla. 32083

Plaintiff pro se